**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**SAMMY LEE RUTHERFORD**                                                       **PLAINTIFF**

**V.**                                                  **CASE NO. 3:13CV175-NBB-DAS**

**OIL-DRI PRODUCTION CO.**
**KATHERINE W. KORES**
**DOUGLAS A. GRAHAM**
**UNITED STEELWORKERS OF AMERICA AND ITS LOCAL 1011**
**KIM SMITH**
**ROY YANCEE**                                               **DEFENDANTS**

## ORDER

This cause comes before the court on the report and recommendation of the Magistrate Judge assigned in this case. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed an objection to the report.

After conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and *Neitzke v. Williams*, 490 U.S. 319 (1989), the Magistrate Judge determined that a justiciable basis exists for Plaintiff's claims against defendants Oil-Dri Production Company and the United Steelworkers of America. However, the Magistrate Judge recommended that defendants Roy Yancee and Kim Smith be dismissed on legal grounds.[1]

Plaintiff objects to defendant Roy Yancee's dismissal, arguing that Yancee failed to thoroughly investigate the incident and wrongfully terminated Plaintiff on the basis on his race.

---

[1] The Magistrate Judge further recommended that defendants Katherine Kores and Douglas A. Graham be dismissed with prejudice. Plaintiff mistakenly named these defendants and filed no objection to their dismissal. The court finds that defendants Kores and Graham should, therefore, be dismissed.

However, as the Magistrate Judge reported, even taking Plaintiff's allegations against Yancee as true, the plant manager cannot be held personally liable for violations under Title VII. *See* 42 U.S.C. § 2000e(a); *see also Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir. 1994). The court finds that Plaintiff has stated no plausible claim against Defendant Yancee and, therefore, this defendant should be dismissed.

The Magistrate Judge further determined that Kim Smith, the United Steelworkers representative serving the Oil-Dri plant, should be dismissed with prejudice. The report stated that Plaintiff's only complaint against Smith was that she failed to appear during a grievance hearing. However, the Magistrate Judge concluded that Smith's absence did not deprive Plaintiff of union assistance because Plaintiff stated in his complaint that another union representative appeared on his behalf. Plaintiff objects to the Magistrate Judge's finding that another staff representative appeared at the hearing.

In his pleading, Plaintiff states by affidavit that appears that Jeff Kenney attended the grievance hearing "for the union." The court notes that Kenney is not a union representative employed to represent union members, but is in fact, an Oil-Dri union employee who served as elected president of the local union, where Plaintiff served as vice-president. Therefore, it appears to the court from a review of the complaint that no union staff representative defended Plaintiff for at least one grievance hearing. However, even if representative Smith acted improperly by failing to appear at the hearings, Plaintiff has no recourse against her individually. *Universal Commc'ns Corp. v. Burns*, 449 F.2d 691, 694-95 (5th Cir. 1971) (per curiam). Plaintiff may pursue a breach of the duty of fair representation claim against the union based on Smith's actions. *See Vaca v. Sipes*, 386 U.S. 171, 188 (1967).

For these reasons, the court adopts the recommendations of the Magistrate Judge.

**IT IS ORDERED** that defendants Katherine Kores, Douglas A. Graham, Roy Yancee, and Kim Smith are hereby **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that process shall issue to defendants Oil-Dri Production Company, the United Steelworkers of America and its Local 1011 unit.

**ORDERED AND ADJUDGED**, this, the 22nd day of July, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**